33905. STRINGER *et al. v.* WILLINGHAM *et al.*

·CARLISLE, J. 1. Where a street or road has been expressly dedicated to the public and accepted by the proper authorities of ·a city, no possession, for no matter how long, can ripen into prescription after the time the city manifests its acceptance of the dedication, in the absence of an abandonment by the city of such street or road. *Adams* v. *Richmond County,* 193 *Ga.* 42, 50 (17 S. E. 2d, 184).

2. Where a strip of land of a specified width is expressly dedicated to a city for public purposes, and the city's acceptance is made manifest by opening and maintaining a street or road thereon considerably more narrow than the strip dedicated, the opening and maintaining of such narrow street or road constitutes an acceptance of the entire strip comprised in the dedication. *Norrell* v. *Augusta Ry. &c. Co.*, 116 *Ga.* 313 (42 S. E. 466, 59 L. R. A. 101); *Adams* v. *Richmond County*, supra.

3. Although it is generally presumed that the contiguous owners of land abutting a public street own the fee to the middle of the street, where the city holds an easement over such land being used for a street, the contiguous landowners may in no way interfere with the exercise of that easement. *Adams* v. *Richmond County*, supra.

4. The obstruction of a public street is a public nuisance where it specially injures a citizen by depriving him of egress from and ingress to his property abutting upon the street, and it may be abated upon the application of such citizen. *Henderson* v. *Ezzard*, 75 *Ga. App.* 724 (44 S. E. 2d, 397), and cases cited.

5. And where in an action brought in the Recorder's Court of the City of Augusta to abate a public nuisance—consisting of a brick coping allegedly extending into and obstructing a sidewalk upon land expressly dedicated to and accepted by the City of Augusta for public purposes—there was evidence authorizing the judge, as trior of the facts, to find that the plaintiffs were specially injured by the coping, that it constituted a public nuisance, and that the City of Augusta had never abandoned its easement over the land upon which the brick coping had been built, no error of law otherwise appearing, it was error, under an application of the principles of law enumerated in divisions 1, 2, 3, and 4 of this opinion, for the Superior Court of Richmond County to sustain a petition for certiorari from the judgment of the recorder's court and to reverse the recorder's judgment ordering the brick coping, as a public nuisance, abated.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 27, 1952.

*Rodney S. Cohen, Henry J. Heffernan,* for plaintiffs in error.
*Claude R. Caldwell,* contra.

Russell J. and Thelma P. Stringer brought an action in the Recorder's Court of the City of Augusta to abate an alleged public nuisance being maintained by the defendants immediately in front of the Willingham property known as 1710 Ohio Avenue, Augusta, Georgia, and immediately southwest of the Stringer property. The nuisance was alleged to consist of the erection, on or about March 15, 1950, by William C. Willingham, of a brick coping immediately in front of the Willingham property and over and upon a portion of Ohio Avenue, a public street of the City of Augusta which was used by the public as a sidewalk.

It was alleged that the brick coping constituted an encroachment upon and an obstruction of a public street, and that the erection and maintenance of the brick coping caused the plaintiffs to suffer special injury, in that the coping had the effect of reducing the frontage of their lot on Ohio Avenue by nine feet, and deprived them of full use of the street and of free access to and from their property, which caused a reduction in the value of their property. It was also alleged that the section of Ohio Avenue upon which the coping was being maintained was dedicated to public use in 1901 and subsequently accepted by the City of Augusta, and had been used and maintained by the City of Augusta for the past forty years.

The defendants in their answer denied that the maintenance of the brick coping constituted a public nuisance, and alleged that the section of Ohio Avenue over which said brick coping extended had been abandoned by the City Council of Augusta, and that the defendants had been in open, notorious, and adverse possession of such section as was enclosed by the brick coping for more than seven years next before the bringing of the petition to abate, and such adverse possession was under color of title.

On the trial of the case before a judge of the recorder's court and after evidence had been submitted by both parties, the judge of the recorder's court found that "there was no evidence of probative value before the court showing abandonment of any part of the street that had been dedicated to public use," and ordered the coping, which he found to be a public nuisance, abated.

The defendants petitioned the Superior Court of Richmond County for a writ of certiorari and, upon the hearing of such petition, the court entered the following order: "Whereas, an owner of a lot of land abutting on a public street is usually presumed to own the fee in soil under that half of the highway which is contiguous to his land, where it does not appear that the title to the fee is in the public. The dedication, as shown by the evidence in this case and also the position taken by the City Council of Augusta, would show that the City Council of Augusta did not have title to the street but had only an easement for a street and sidewalk and that the owner of the abutting lot would have the right to the soil, subject only to the easement

or the right of passage in the public and the incidental right of property fitting the street for use and keeping it so unless needed to repair the way; [and] it also further appearing that William C. Willingham at the time the proceedings were begun was neither the owner nor the possessor of any lands abutting on said Ohio Avenue, it is, therefore, considered and ordered by the court that the certiorari be sustained, and that the judgment rendered in the court below be set aside and a new trial had therein; and it is further ordered that plaintiffs in certiorari be allowed to interrupt judgment against defendants in certiorari and expenses in costs of bringing up the case."

The plaintiffs in the action to abate the alleged public nuisance excepted to the judgment of the superior court and brought the case to this court for review.