### 62007. DEPARTMENT OF TRANSPORTATION v. LADSON INVESTMENTS, et al.

BANKE, Judge.

The Department of Transportation condemned a strip of land owned by appellee Ladson Investments for use in widening an intersection at which Ladson owned a shopping center. The land was being used as part of the parking lot of the shopping center and lies directly north of a highway which runs east and west in front of the center. The department claimed in its petition that the width of the existing right-of-way of this highway was 70 feet, that is, 35 feet on

either side of the centerline. The appellee moved to set aside the declaration of taking and also filed an inverse condemnation action, alleging that the existing right-of-way extended only 22 feet on either side of the centerline and that the department was consequently claiming title to an additional 13-foot strip belonging to the appellee. The two cases were consolidated for trial; and by consent of the parties, the issue of which party had title to the disputed 13-foot strip was submitted to the court for determination without a jury. The court ruled that the land belonged to the appellee and ordered the department to pay compensation accordingly. The case proceeded to jury trial on the issue of consequential damages to the remainder, and the jury returned a verdict for the appellee in the amount of $42,900. In this appeal, the department claims that the evidence demanded a judgment in its favor on the title issue and that the trial court erred in failing to give a requested charge on the condemnee's duty to mitigate consequential damages.

Half of the disputed 13-foot strip, like the strip to the north of it which was the subject of the original declaration of taking, was used for parking, containing portions of 17 parking spaces. The remaining six and one-half feet was for the most part, a grassy area lying within curbs constructed by a predecessor in title. The department was unable to produce a warranty deed, condemnation judgment, or other evidence of a conveyance granting it title to the property. However, the warranty deed transferring ownership of the shopping center to the appellee, which was executed in 1974, made reference to an unrecorded plat prepared in 1950 which, according to the testimony of the surveyor who prepared it, showed that the established right-of-way at that time was 70 feet. This witness further testified that he had done surveys for other property owners along that section of the highway in the late 1940's and early 1950's and that all of these showed the existence of a 70-foot right-of-way. However, he could not recall the authority upon which he had made this calculation. In addition, the department introduced other deeds executed by prior owners along the highway in the early 1950's, each of which referenced a 70-foot right-of-way.

The consequential damage issue concerned the effect of the condemnation on the available parking space in the parking lot. The appellee contended that it had lost 17 spaces. While the department did not dispute this, it introduced evidence to show that the remaining parking area could have been re-designed to create additional spaces but that the appellee had made no attempt to do this. *Held:*

1. "The essentials of dedication to public use are an offer, either express or implied, by the owner and an acceptance, either express or

implied, of the use of the land by the public or public authorities. Code § 85-410; *Brown v. City of East Point,* 148 Ga. 85 (95 SE 962); *Chatham Motorcycle Club v. Blount,* 214 Ga. 770 (107 SE2d 806)." *Carroll v. DeKalb County,* 216 Ga. 663, 666 (119 SE2d 258) (1961). " 'Where a plat is made and recorded and lots are sold with reference thereto, the requisite intention is generally indisputable.' " *Id.,* citing *Dunaway v. Windsor,* 197 Ga. 705 (30 SE2d 627) (1944). See also *Ross v. Hall County Bd. of Commrs.,* 235 Ga. 309 (219 SE2d 380) (1975).

While the plat upon which the department relies in this case was not recorded, its contents were admitted into evidence without objection through the testimony of the surveyor who prepared it, and there was no dispute over the fact that it showed a 70-foot right-of-way. It is also undisputed that the deed by which the appellee obtained title to the shopping center in 1974 described the property by specific reference to this plat. Since an express dedication may be shown by parol evidence as well as by documentary evidence (see *Ellis v. Mayor &c. of Hazelhurst,* 138 Ga. 181 (2) (75 SE 99) (1912); *Carroll v. DeKalb County,* supra at 666), it would be illogical to hold that this evidence fails to establish an express dedication, simply because the plat was unrecorded. See generally 23 AmJur2d, Dedication, §§ 24, 25. Accordingly, we hold that the undisputed evidence demanded a finding that an express dedication had been made by the transfer of the property with reference to the plat.

2. This brings us to the question of whether there was an acceptance of the dedication. The department claims that an implied acceptance was conclusively manifested by two actions. First, the highway was widened in the mid-1950's from 30 feet to 44 feet, subsequent to the preparation of the plat; and second, the corners of the intersection were rounded at some point subsequent to this, an action which actually cut into the disputed 17-foot strip by a small amount.

"Where the extent of the grant is defined by the landowner himself in his statement making an express dedication to a municipality, it is not necessary that the public authorities should work the entire street within the confines of the grant, to make effectual the act of acceptance. Any improvements or repairs done on the street by the public authorities *in recognition of the dedication* of a defined strip of land for a street may be regarded as an acceptance of the dedication." (Emphasis supplied.) *Ellis v. Mayor &c. of Hazelhurst,* supra, at 184. See also *Carroll v. DeKalb County,* supra, at 667-668. However, there is no evidence from which it could reasonably be inferred that either of the above highway improvements were undertaken in recognition of the dedication of a

70-foot right-of-way as evidenced by the plat, since there is no indication that the public authorities were even aware of the existence of the plat at the time the improvements were made. Had the highway first been opened subsequent to both the preparation of the plot and the transfer of the property, the situation would be different. See *Stringer v. Willingham,* 86 Ga. App. 217 (2) (71 SE2d 258) (1952). However, the highway was already in existence in 1950.

We find, however, that the department has manifested an implied acceptance in another way — by instituting this condemnation action in 1977, only three years after the appellee obtained its grant of title. While there is authority for the proposition that an acceptance of a dedication must be made within a reasonable time, the general rule is that in the absence of a statute to the contrary, the right to accept continues until the wants and convenience of the public require the use, or until the offer has been withdrawn or revoked. 23 AmJur2d, Dedication, § 49, p. 43. The department did not forfeit its right of acceptance merely by waiting three years from the most recent expression of an intention to dedicate the property before exercising that right. The judgment of the trial court requiring compensation for the 13-foot strip is accordingly reversed.

3. The trial court erred in refusing to give the department's requested charges on the duty of a condemnee to mitigate consequential damages. See generally *Garber v. Housing Authority of Atlanta,* 123 Ga. App. 29 (179 SE2d 300) (1970). The consequential damage claim was based on the damage to the shopping center caused by the loss of the 17 parking spaces. The department presented evidence that an alternate marking arrangement would have enabled the appellee to add additional spaces within the remainder but that the appellee had made no efforts to do this. Consequently, the mitigation issue was raised by the evidence, and the charges should have been given.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

Decided May 28, 1981 —

*Conley Ingram, Robert D. McCallum, Jr.,* for appellant.
*M. T. Simmons,* for appellees.