## A92A0418. MOM CORPORATION et al. v. CHATTAHOOCHEE BANK et al.

(418 SE2d 74)

BIRDSONG, Presiding Judge.

This case is a suit to collect on a note and guarantees in the principal sum of $480,017.33. This appeal is from the trial court's grant of summary judgment to appellee bank et al., upon appellees' "renewed" motion for summary judgment with resubmittal of affidavit evidence, following the Supreme Court's decision in a former appeal (*Taquechel v. Chattahoochee Bank*, 260 Ga. 755 (400 SE2d 8)) wherein the court held insufficient the affidavit of the bank's loan officer as to bank records not attached to the affidavit.

In four enumerations of error, appellants contend summary judgment was error because the new affidavit, submitted by the loan officer on remand of the case to the trial court, showed on its face that the bank charged usurious interest by charging a daily rate based on the annual interest rate divided by 360 days rather than by 365. *Held*:

1. The Supreme Court's failure to state that it was remanding the case to the trial court for new evidence did not prohibit the trial court from proceeding with the case on remand and receiving additional evidence. The cases cited by appellants to prove that the trial court could not receive new or corrective evidence following a reversal of summary judgment, in fact prove the contrary, which is that following appellate review of summary judgment, "the law of the case" rule does not limit or prohibit the trial court from receiving new evidence which changes the evidentiary posture of the case. *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 778, 779 (386 SE2d 696); *Modern Roofing &c. Works v. Owen*, 174 Ga. App. 875 (332 SE2d 14). On a reversal of summary judgment, a case is remanded in the posture existing prior to summary judgment; although the appellate court may choose to remand with express direction, this is generally for purposes of clarity, and the mere failure of the appellate court expressly to direct a "remand" does not prohibit the parties from proceeding with the evidence.

2. Georgia courts have held that an interest rate based upon a daily charge equal to the annual rate divided by 360 is not usurious per se. See *Broce v. Master Loan Svc.*, 171 Ga. 22 (154 SE 324); *Patton v. Bank of LaFayette*, 124 Ga. 965, 968-970 (53 SE 664); *Beazley v. Ga. R. Bank &c. Co.*, 144 Ga. App. 215 (241 SE2d 39).

Appellants have gone behind the decisions in those cases in an effort to present facts not contained in the opinions, based on appellants' view of the "archival records" in those cases. This is an attempt to impeach appellate decisions by adding facts not contained in the decisions. The decisions of our appellate courts must speak for themselves, and the archival records are not available to litigants in other

cases to raise questions about facts or issues not stated or decided in them. "[N]otwithstanding their paucity, it is the facts contained within an officially reported case which have legal significance when applying the case as precedent, not bare assertions of facts found within the briefs of the parties and not contained in the text of the reported case." *Chan v. W-East Trading Corp.*, 199 Ga. App. 76, 77 (3) (403 SE2d 840).

Moreover, OCGA § 7-4-2 (a) (1) (B) expressly states that the parties may establish by written contract any rate of interest, expressed in simple interest terms or otherwise. Accordingly, the trial court did not err in granting summary judgment to the bank.

3. In enumeration five, appellants urge "the trial court erred . . . in that there remained issues of fact as to liability as a result of the expanded record . . . furnished by the plaintiff's renewed motion for summary judgment."

As to this enumeration, appellants gave this statement of fact in Part One of their brief: "Appellants contend that the expanded record now supplies record facts missing in the prior appeal so that whether the present record supports summary judgment as to liability should be reviewed. The very documents which should have been provided by the bank in the prior appeal show that the bank changed its treatment of the loan so that interest was no longer charged after the precise time period when the defendants had previously testified that the parties modified their contracts. [Citation to record.] The facts are otherwise self-contained in enumeration of error 5."

The foregoing does not constitute a "succinct and accurate statement of . . . facts" as required by Court of Appeals Rule 15 (a) (1).

It is not permissible to omit pertinent facts in Part One of the appellate brief by claiming they are "self-contained" in another part of the brief, for this circumvents the requirement to provide a "succinct and accurate" statement of facts in Part One of the original brief. Moreover, the argument portion of appellants' brief merely discusses an "August 5, 1986 agreement" (undescribed) which is in some way (unexplained) breached on the date of perfection of the bank's security interest, after which the bank kept appellants' business open to collect accounts receivables, although "the unperfected 'collateral' [undescribed] if liquidated, would have been sufficient to pay the entire bank debt, but for the bank's failure to perfect its interest, [from which] it follows that the entirety of the amounts claimed by the bank arise from the agreed upon funding [undescribed]." Included in this statement are remarks about bankruptcy. Appellants then argue vaguely that the Statute of Frauds bars such a "modification."

As to this enumeration, the statement of facts in Part One of appellants' brief is not in compliance with Rule 15 (a) (1) of this court. Appellants' argument is not clear. Possibly the intended subject of

this argument may have had an effect on the issue of "liability," but then the entire case concerns liability. Possibly the missing facts could be found in the opposing parties' brief, but it is not the appellees' burden to correct deficiencies in appellants' brief. The argument made as to this enumeration is an attempt to expand and enlarge in the brief issues not covered in the enumeration of errors (see *Pier 1 Imports v. Chatham County &c.*, 199 Ga. App. 294, 296 (404 SE2d 637)), and does not give viability to any issue contained in the original enumeration. See *Chezem v. State*, 199 Ga. App. 869, 870 (406 SE2d 522). It is a waiver of the alleged error and we will not consider it. We note that parties may not correct fatal deficiencies in their original briefs by filing supplemental briefs. *Oxley v. Little Switzerland &c. Co.*, 154 Ga. App. 36 (267 SE2d 460).

*Judgment affirmed. Pope and Andrews, JJ., concur. Beasley, J., disqualified.*

DECIDED MARCH 17, 1992 —
RECONSIDERATION DENIED APRIL 8, 1992 — 

*Gambrell, Clarke, Anderson & Stolz, Irwin W. Stolz, Jr., Seaton D. Purdom,* for appellants.

*Kilpatrick & Cody, Susan Cahoon, Stephen E. Hudson, Bedford, Kirschner & Venker, Andrew R. Kirschner,* for appellee.