A96A1066. McLEAN v. CONTINENTAL WINGATE COMPANY, INC. et al.
(476 SE2d 83)

BLACKBURN, Judge.

John W. McLean, Jr. (employee) appeals the trial court's grant of summary judgment to Continental Wingate Company, Inc.; Continental Wingate Company of Georgia, Inc.; Continental Wingate Associates; Wingate Management Company; Continental Wingate Capital Corporation; and Gerald Schuster (referred to collectively as the employer) after the trial court determined that the bonus provision in the employment agreement between the parties was unenforceable.[1]

---

[1] The bonus provision at issue provides, inter alia: "The net profits due [employee] shall

This is the second appearance of this case in this Court. In the first appearance, we reversed the trial court's grant of summary judgment to the employer, finding as a matter of law that the bonus provision at issue was not too vague and uncertain to be enforceable based on prior dealings between the parties. We also found that a material issue of fact remained as to whether a breach of the employment agreement occurred. See *McLean v. Continental Wingate Co.*, 212 Ga. App. 356, 358-359 (442 SE2d 276) (1994).

On remand, the employer filed a renewed motion for summary judgment which essentially alleged that *McLean* was wrongly decided, and cited for this proposition the recent Georgia Supreme Court case of *Arby's, Inc. v. Cooper*, 265 Ga. 240, 242 (454 SE2d 488) (1995) (a bonus is unenforceable if its amount is based, at least in part, on a future exercise of discretion, where the parties' prior performance does not operate to alter that result). Also on remand, the employer submitted two additional affidavits to the trial court — which affidavits it failed to present on its first appearance before the court — detailing its version of how the bonus provision was prepared and how the provision should be interpreted.

Prior to reaching the employee's enumerations of error, we note that *Arby's* did not announce a radical change in existing law. Instead, *Arby's* merely relied upon existing case law, which generally holds that indefinite promises of future compensation are not enforceable. In the present case, the employer had unsuccessfully relied on this same proposition in *McLean*, supra.[2] However, the trial court granted the employer's renewed motion for summary judgment based on *Arby's*, and the employee now appeals.

1. The employee contends that the trial court's order granting the employer's renewed motion for summary judgment violated the law of the case rule. This is a correct contention.

OCGA § 9-11-60 (h) provides in pertinent part that "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." Although "the law of the case rule has formally been abolished . . . it [still] applies to rulings by one of the appellate courts; they are binding in all subsequent proceedings, including a second trial." (Punctuation omitted.) *Continental Corp. v. Dept. of Transp.*, 185 Ga. App. 792, 793 (366 SE2d 160) (1988). OCGA § 9-11-60 (h) can apply to rulings made during an appellate court's reversal of a trial court's grant of summary judgment. See *Yaeger v. Stith Equip. Co.*, 185 Ga. App.

be determined by Continental Wingate Company, Inc., in its sole discretion, as they relate to development proceeds, exclusive of operations."

[2] Neither party applied for certiorari.

315 (364 SE2d 48) (1987) (applying the law of the case to an issue about which no new evidence was presented on the renewed motion for summary judgment).

In *McLean*, supra at 356, the employer argued that the bonus provision was unenforceable because the amount of the bonus was left, in part, to the discretion of the employer. In determining that the bonus provision was not unenforceable as a matter of law, this issue was necessarily resolved against the employer. Therefore, unless an exception applies, the law of the case rule prevented this issue from being relitigated upon remand.

An exception to the rule that will permit issues to be relitigated after appeal is when the evidentiary posture of the case changes. See *May v. Macioce*, 200 Ga. App. 542, 544 (409 SE2d 45) (1991) (appellate court holdings are not binding as the law of the case when the evidentiary posture of the case changes after the appellate court's decision). The employer contends that such a change occurred here because it submitted two additional affidavits to the trial court.

The evidentiary posture of a case changes so as to bar application of the law of the case rule in two different situations. First, the evidentiary posture changes when a new issue not previously addressed by an appellate court is raised by amended pleadings or otherwise, and second, the posture changes when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented. See *Mom Corp. v. Chattahoochee Bank*, 203 Ga. App. 847 (418 SE2d 74) (1992) (evidentiary posture changed when an affidavit was submitted following a Supreme Court ruling that the prior affidavit addressing the same question was inadmissible); *Suggs v. Brotherhood of Locomotive Firemen &c.*, 106 Ga. App. 563, 564-565 (127 SE2d 827) (1962) (evidentiary posture changed when defendant amended its answer, raising an additional defense); *May*, supra at 544 (evidentiary posture changed when the pleadings were amended, changing the issues involved). Neither of these situations are present here. Accordingly, the law of the case rule applies to this renewed summary judgment motion.

Finally, even if the employer was correct that *Arby's*, supra, constitutes a change in the applicable case law, such a change would not demand a departure from the rule as it pertains to this case, which was resolved by this Court before the change occurred. See *Navistar Intl. Transp. Corp. v. Ogletree*, 199 Ga. App. 699 (405 SE2d 884) (1991); see also *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 788 (456 SE2d 97) (1995). Therefore, as between these parties, the holding of *McLean*, supra, binds both the trial court and the Court of Appeals. See *Eastgate Assoc., Ltd. v. Piggly Wiggly Southern*, 200 Ga. App. 872, 875 (410 SE2d 129) (1991). Consequently, the trial court erred in granting the employer's renewed motion for summary

judgment.

2. In light of our holding in Division 1, we need not address the employee's remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., concurs. Beasley, C. J., concurs specially.*

BEASLEY, Chief Judge, concurring specially.

I concur in the judgment reversing the grant of summary judgment to defendants, because the contract provision regarding bonuses is enforceable and there remain questions of fact with respect to whether it was breached. The issue of enforceability is governed in this appeal by the "law of the case" rule, although that rule was abolished as applied in *Hill v. Willis*, 224 Ga. 263 (161 SE2d 281) (1968). *Jebco Ventures v. City of Smyrna*, 259 Ga. 599, 601 (1) (385 SE2d 397) (1989). As this Court stated in *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1) (456 SE2d 97) (1995), "If the decision of an appellate court [after a ruling by the Supreme Court or the Court of Appeals] becomes 'incorrect' because the law changes — either because of subsequent case law or because of later-enacted statutes — it may not be binding precedent for other situations. However, between the parties to the original decision it remains the law of the case." The reason given is that to permit otherwise "would result in constant relitigation of issues as the law continually evolves."

Relitigation of the issue once decided by this Court is simply not countenanced as another method of obtaining relief from its judgment. OCGA § 9-11-60 (h); *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 122 (335 SE2d 547) (1985). Motion for reconsideration filed in the Court of Appeals and petition for certiorari to the Supreme Court of Georgia are the only available methods of attack. Ga. Const. of 1983, Art. VI, Sec. VI, Par. IV; OCGA § 5-6-15; Court of Appeals Rules 37 and 38. No such petition was filed in this case.

This is not to be confused with the rule that the court will apply the law existing at the time of its decision, even if the law has changed since a prior adjudication by the trial court, or that the trial court should apply the law existing at the time of its decision, even if the law as to unappealed issues has changed since a prior adjudication by this court. *Powell v. Dougherty Christian Academy*, 215 Ga. App. 551, 552 (451 SE2d 465) (1994).

The additional evidence produced in the trial court after reversal of the first summary judgment did not affect the validity of the original ruling by this Court that the bonus provision was enforceable. The new evidence simply did not change the undisputed facts which were relevant to that issue.

Even if an interim decision in another case changed the law

which this Court applied in *McLean I*, it would not affect the integrity of the law of this case in its journey to completion and finality, as stated in *Walker*, supra. But *Arby's, Inc. v. Cooper*, 265 Ga. 240, 242 (454 SE2d 488) (1995), did not change the law as relates to the undisputed facts in this case, anyway. There the Supreme Court held that the original indefiniteness in the bonuses provision of the agreement was not supplanted by performance in the way of payment and acceptance of bonuses which would show the intent of the parties in the ascertainment of the bonuses and thus make the agreement enforceable, because there was an element of discretion left to Arby's. The Court refused to accept as sufficient a formula by which Arby's exercised its discretion and paid the employee bonuses in two years, promised specific calculated amounts for two years, and made a partial payment of one of them.

This case differs in that it was shown from the parties' past dealings that they understood the meaning of the term "net proceeds" and the method of establishing the percentage of profits due for the employee's services. So the bonuses were ascertainable by way of an agreed formula which conveyed the parties' intention, particularly with respect to the exclusion of operating expenses and the deduction of working capital advances in calculating the bonuses.

Thus, even if the law of the case rule did not apply, the result would be the same. Neither *Arby's* nor defendants' additional evidence undermines the validity of the bonus provision in the employment agreement.

DECIDED SEPTEMBER 18, 1996 — 

*King & Croft, Terrence L. Croft*, for appellant.
*Long, Aldridge & Norman, James J. Thomas II, David Balser, Anthony E. Diresta*, for appellees.