A97A1593. LOWMAN v. ADVANCED DRAINAGE SYSTEMS, INC.
(491 SE2d 427)

BIRDSONG, Presiding Judge.

This case first visited this Court in 1993 and is here again after new trial following remand. See *Advanced Drainage Systems v. Lowman*, 210 Ga. App. 731 (437 SE2d 604).

Advanced Drainage Systems, Inc. (ADS) filed a suit on account against Lloyd Lowman. Lowman installed septic tanks made by ADS. Lowman contended that contrary to ADS' assurances, ADS' piping system was not suitable for use in the "fine sand" Georgia coastal plain area where Lowman installed ADS' septic tanks. Between 1984 and 1988, Lowman installed 185 of ADS' septic tanks; about 25 of those tanks failed, causing considerable unpleasant damage to those property owners and damaging Lowman's reputation accordingly. Lowman thus filed a counterclaim against ADS. The trial court granted a directed verdict in favor of ADS on its suit on account, and a jury awarded Lowman $130,000 on his counterclaim.

ADS appealed, contending first that Lowman's claim for damage to reputation was unsupported by evidence because there was no showing of the wanton or wilful misconduct necessary to support such a claim where no physical injury is involved. Id. at 732 (1), citing *Hamilton v. Powell, Goldstein, Frazer &c.*, 167 Ga. App. 411, 415 (2) (306 SE2d 340). Lowman contended there was evidence of such

wilful and wanton conduct because he gave evidence that ADS knew the pipe used would not work in Lowman's area but nevertheless represented to Lowman that the system would work. We held that the evidence showed ADS had no knowledge contrary to its representations until a report was issued in 1987, and "[n]o evidence was presented that the misrepresentations upon which Lowman and others allegedly relied were made after 1987 when ADS had knowledge of the problems associated with the use of [this] pipe in areas where fine sand is found. Thus, the record does not support a finding of wanton and wilful conduct by ADS[, and] Lowman's claim for damage to reputation should not have been presented to the jury. . . . ADS is entitled to a new trial." *Advanced Drainage Systems*, supra at 733 (1).

For the same reason, viz., because "the record does not support Lowman's claim that ADS knew its representation concerning [suitability of the pipe] was false at the time the alleged misrepresentations were made" (id. at 734-735 (2)), we held Lowman had no claim under the "economic loss" rule, which, unless there is personal injury, limits claims for defective products to contract warranty actions except in cases of "accident" by sudden and calamitous event or "misrepresentation" involving false information known to be relied on by the injured party. Id. at 734.

On remand of the case for new trial, Lowman sought to show, as additional evidence, that he did rely on false representations *after* the 1987 report, which report he had inadvertently learned of at the first trial. However, the trial court prohibited Lowman from introducing evidence of damages to reputation and denied his motion to amend his complaint to allege fraud. The case was heard by the court without a jury, based on the previous trial transcript, but permitting Lowman to make an offer of proof to support his claim for damages to his reputation. The trial court found in favor of ADS on its suit on account.

Lowman now appeals, contending that based on the new evidence offered on remand, he should have been allowed to assert a claim for damages to his reputation and a claim for fraud. *Held*:

The "law of the case" rule controls the issue in this appeal. The "law of the case" rule, though formally abolished, still applies to rulings by one of our appellate courts in a particular case; such rulings are binding in all subsequent proceedings in the same matter, including a second trial. *McLean v. Continental Wingate Co.*, 222 Ga. App. 805, 806 (476 SE2d 83); *Continental Corp. v. Dept. of Transp.*, 185 Ga. App. 792, 793 (366 SE2d 160). An exception to this rule exists where the evidentiary posture of the case changes after remand by the appellate court. See *May v. Macioce*, 200 Ga. App. 542, 544 (409 SE2d 45). The evidentiary posture may change when a new issue not previ-

ously addressed by an appellate court is properly raised, or when the original evidence is insufficient but is later supplemented. *McLean,* supra at 807; *MOM Corp. v. Chattahoochee Bank,* 203 Ga. App. 847 (418 SE2d 74).

The posture of the evidence has not changed in this case so as to permit appellant to relitigate issues already decided by this Court. The 1987 report which Lowman says he learned about at the first trial was in fact in possession of Lowman's own witness on the stand. Lowman did not take any depositions or do any other discovery whereby he would have or should have learned of the existence of the 1987 study before the first trial. Even assuming this 1987 report was contrary to ADS' material representations and was known to ADS when Lowman was relying on those representations, the fact remains that at the trial of the case when Lowman learned of the 1987 report, he was allowed due latitude of questioning this witness and any others about this 1987 study. He himself could have testified at the first trial, and he should have testified then that he relied on ADS' contrary representations after 1987 when the report issued. The evidence which Lowman claims is "new" evidence or constitutes a postural change in evidence is not new at all but existed within Lowman's knowledge at the first trial or was fully ascertainable by discovery and at that trial. If there were facts which he could summon to support his claims of reliance on ADS' fraudulent misrepresentation after the 1987 report was issued, Lowman was required to discover them before or at trial and state them then. *William Goldberg & Co. v. Cohen,* 219 Ga. App. 628 (466 SE2d 872).

In general, "exceptions" to the law of the case rule, which are mentioned in *McLean* as allowing parties to bring up new evidence or new issues in avoidance of an unfavorable appellate decision in the same case, should be limited by and weighed against the duty imposed on each party to present his case in full at trial, so that neither party, after judgment, may bring in other evidence or theories of recovery which were ascertainable at the first trial, and so that neither party can relitigate issues which could have been and should have been fully litigated at the first trial. See *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604-605 (203 SE2d 173), which states this duty; that case involved summary judgment proceedings but the requirement that each party "present his case in full" at the appointed time is equally if not more applicable to trial proceedings, which are supposed to be the final joining of the issues. See also *Nationwide-Penncraft v. Royal Globe Ins. Co.,* 162 Ga. App. 555 (291 SE2d 760); and *Usher v. Johnson,* 157 Ga. App. 420 (278 SE2d 70). Our earlier decision in this case binds the parties as to all issues, theories and evidence which were raised, *should have been raised, or were ascertainable* at the earlier trial. Any other practice would

result in constant relitigation of issues after the appellate court has ruled, and no judgment would be certain so long as new variations on theories or evidence can be imagined. See *Fulton-DeKalb Hosp. Auth. v. Walker*, 216 Ga. App. 786, 787 (1) (456 SE2d 97).

As the proffered evidence was fully ascertainable to Lowman at or before the original trial of the case, it does not create the sort of postural change in the evidence which might allow him to relitigate issues decided in our earlier decision. The ruling of the trial court prohibiting Lowman from relitigating these issues upon such evidence was correct.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED AUGUST 18, 1997.

*Gibson & Spivey, Douglas L. Gibson*, for appellant.
*Daniell S. Landers*, for appellee.

