A02A0290. HIPES & NORTON, P.C. v. PYE AUTOMOBILE SALES OF CHATTANOOGA, INC. et al.

(562 SE2d 729)

ELLINGTON, Judge.

We granted Hipes & Norton, P.C. an interlocutory appeal to review whether the trial court erred in denying its motion for summary judgment on its suit on account against Pye Automobile Sales of Chattanooga, Inc., Pye Buick-Oldsmobile, Inc., Pyco Reinsurance, Ltd., Pye Nissan, Inc., Pye Motor Company, and Pye Automobile Sales, Inc. (collectively "the companies"). For the reasons which follow, Hipes & Norton is entitled to summary judgment. Consequently, we reverse the trial court's order and remand.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). To prevail on a motion for summary judgment, a plaintiff-movant must produce evidence the defenses pleaded by the defendant are insufficient as a matter of law. *Hurston v. Dealers Svc. Plan*, 141 Ga. App. 148 (2) (232 SE2d 641) (1977). "Where a plaintiff files a motion for summary judgment, and evidence is offered on the issue, if the plaintiff establishes a prima facie right to summary judgment, a defendant may not rest upon conclusory allegations or defenses in his pleadings, but must come forward with facts showing a genuine issue remains for trial." (Citations and punctuation omitted.) *Electrical Distrib. v. Turner Constr. Co.*, 196 Ga. App. 359, 361 (1) (395 SE2d 879) (1990). In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review and consider the evidence with all reasonable inferences therefrom in favor of the party opposing summary judgment. *Birnbrey, Minsk & Minsk v. Yirga*, 244 Ga. App. 726 (535 SE2d 792) (2000).

Viewed in a light favorable to the companies, the evidence shows the following. L. F. Pye, Jr. retained local counsel, Gregory H. Kinnamon, to handle a complex commercial litigation case for his six automobile sales companies. After the case was removed to federal court and became too time-consuming for Kinnamon to handle alone, Kinnamon recommended that the companies retain Albert L. Norton, Jr. of the law firm of Hipes & Norton as co-counsel in the case. Nor-

ton had successfully handled an earlier matter for Pye on a contingency fee basis, and Pye again wanted a contingency fee arrangement.

Pye met with Norton, who told Pye that his firm would take the case, but would do so only on an hourly fee basis. On February 29, 2000, Norton mailed a copy of the firm's standard hourly fee agreement to Pye for his signature. The letter agreement stated the firm's hourly billing rates, provided that other attorneys and paralegals in the firm might work on the matter, and provided that there was no cap on the firm's fees. Pye agreed to sign the letter, and Hipes & Norton entered an appearance on behalf of the companies. Before signing the agreement, Pye added the following language: "* THIS AGREEMENT IS GOOD FOR THE FIRST 30 DAYS ONLY. [ALBERT NORTON] AND I AGREED TO RENEGOTIATE AFTER THE FIRST MONTH'S BILLING." On March 3, 2000, Pye faxed the altered contract to Norton.

On March 7, 2000, Norton wrote Pye back to explain that the additional language was unacceptable and that Pye would be required to sign the letter agreement without any changes if the firm was going to continue to represent him and his companies. Within a few days, Pye signed and returned the agreement in its original form.

Hipes & Norton continued work on the matter and sent Pye bills approximately once a month. After four or five bills, covering about five months work, Pye complained about the amount of the bills and about lawyers other than Norton working on the case. Norton agreed to write off $5,000 of the amount owed. Pye continued to be dissatisfied with Hipes & Norton's bills and representation and, after several more weeks, terminated the agreement and retained new counsel. The companies refused to arbitrate the amount of the fees before the State Bar,[1] as the law firm offered to do.

On January 29, 2001, Hipes & Norton filed a suit on account for payment of the outstanding legal fees and costs.[2] After the companies answered, Hipes & Norton moved for summary judgment, attaching the fee bills, the letter agreement, an affidavit of Albert Norton, and

---

[1] See *Antinoro v. Browner*, 223 Ga. App. 664, 665-666 (1) (478 SE2d 392) (1996) (describing the Arbitration of Fee Disputes program of the State Bar of Georgia).

[2] We note that the signatories to the hourly fee legal services contract with Hipes & Norton were "Johnny F. Pye, Jr., individually and for Pyco Reinsurance, Ltd., Pye Nissan, Inc., Pye Motor Company, and Pye Automobile Sales, Inc." Hipes & Norton filed suit against the four companies listed as signatories, plus Pye Automobile Sales of Chattanooga, Inc. and Pye Buick-Oldsmobile, Inc. The six corporate defendants answered collectively, admitting "that they retained ALBERT L. NORTON, JR. for legal representation" and agreed "to pay legal fees and certain reimbursement of expenses on account," without distinguishing between those who signed the contract and those who did not. Accordingly, by judicial admission, all six companies are jointly liable on the account. Davis & Shulman, Ga. Practice & Procedure, § 10-9 (1999 ed.).

various e-mails and memoranda. The companies supported their response to the motion for summary judgment with Pye's affidavit in which Pye deposed that Norton initially told him the fees would probably not exceed $6,250 per month and that the total projected legal fees would probably not exceed $75,000. The companies argued that, after they paid almost $80,000 in fees, Hipes & Norton "left the case in no better shape than when it was received. . . . A jury should be allowed to consider whether or not [Hipes & Norton's] claims are meritorious and that [its] billing is genuine." The trial court denied Hipes & Norton's motion for summary judgment on the basis that it appeared "there may be issues of fact for determination with regard to reasonableness and the amount of attorney's fees sought to be recovered."

Hipes & Norton correctly contends that this case is controlled by this Court's decision in *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516 (492 SE2d 281) (1997). In that case, as here, the client accepted the services of the law firm and the law firm submitted regular fee bills to the client, detailing the date services were provided, the task performed and by whom, and the time spent. Id. at 517. As in *Lipton*, the client initially paid the bills in full, then asserted that the law firm had been paid enough for the services provided, and refused to pay any more for services already accepted. Id.

As in any suit on account for services rendered, after a lawyer presents evidence of the terms of the contract, the services provided and accepted, and the amount left unpaid, the burden in opposing summary judgment shifts to the client to point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e); *William J. Cooney, P.C. v. Rowland*, 240 Ga. App. 703 (524 SE2d 730) (1999) (contract law applies to suits on account for legal services); *Lipton v. Warner, Mayoue &c.*, 228 Ga. App. at 518 (1). Here, the letter agreement executed by the companies expressly stated that the amount of fees could not be predicted with any accuracy and that there was no cap on the fees that could be charged. See *Lipton v. Warner, Mayoue &c.*, 228 Ga. App. at 517 (summary judgment appropriate even in absence of written agreement). Not only did the companies fail to point to any *evidence* of inaccurate charges, the companies failed even to *identify* a single specific charge which they suspected to be inaccurate or inflated; thus, contrary to the trial court's order, the companies failed to raise a factual issue "as to the amount of attorney's fees sought to be recovered." See id. at 517. Finally, the companies pointed to no evidence that the fees charged in accordance with the contract were unreasonable. The companies relied entirely on Pye's self-serving and conclusory affidavit. A "self-serving conclusory affidavit not supported by fact or circumstances is insufficient to raise a genuine issue of material fact." (Citation and punctuation omitted.) Id.

Because the companies failed to carry their burden in opposing summary judgment, the superior court erred in denying Hipes & Norton's motion for summary judgment. *Lipton v. Warner, Mayoue &c.*, 228 Ga. App. at 518 (1); *Electrical Distrib. v. Turner Constr. Co.*, 196 Ga. App. at 361 (1). Accordingly, the judgment is reversed and the case is remanded for entry of judgment in favor of Hipes & Norton.

*Judgment reversed and case remanded with direction. Smith, P. J., and Eldridge, J., concur.*

DECIDED MARCH 6, 2002 —
RECONSIDERATION DENIED MARCH 21, 2002.

*Moore, Ingram, Johnson & Steele, Jere C. Smith, Bart W. Reed*, for appellant.

*McDonald, Kinnamon & Thames, Gregory H. Kinnamon*, for appellees.