## A07A2259. BROWNING v. ALAN MULLINAX & ASSOCIATES, P.C.

(653 SE2d 786)

ANDREWS, Presiding Judge.

An attorney, Alan Mullinax, acting through Alan Mullinax & Associates, P.C. (Mullinax P.C.), sued his former client, Lory Martin Browning, to collect attorney fees due under a written contract. Browning appeals from the trial court's grant of summary judgment in favor of Mullinax P.C. For the following reasons, we affirm.

Mullinax P.C. entered into a written contract with Browning to provide legal services at an hourly rate in a domestic relations matter. After Mullinax represented Browning in the matter, which included a trial in the Gwinnett County Superior Court, Browning refused to pay the balance due under the contract. In response to the suit brought for the balance due, Browning raised the defense of failure of consideration. On appeal, Browning claims the trial court erroneously granted summary judgment in favor of Mullinax P.C. because genuine issues of material fact remained with respect to the failure of consideration defense. OCGA § 9-11-56.

In support of the motion for summary judgment, Mullinax P.C. produced evidence showing that it agreed in the contract to provide legal services to Browning at the rate of $250 per hour through the trial of the case; showing the legal services performed by Mullinax and the total amount due on the contract based on the hours spent, and providing expert legal testimony showing that the charges were reasonable in a domestic relations case in Gwinnett County. A contract between attorney and client for legal services is valid and binding on the parties where it complies with the usual rules of contract and is consistent with the attorney's fiduciary and ethical responsibilities to the client. *William J. Cooney, P.C. v. Rowland*, 240 Ga. App. 703, 705-706 (524 SE2d 730) (1999); *Findley v. Davis*, 202 Ga. App. 332, 336 (414 SE2d 317) (1991); *Jerry Lipps, Inc. v. Postell*, 139 Ga. App. 595 (229 SE2d 78) (1976). Browning did not contest the fact that the legal services shown by Mullinax P.C. were provided, nor did she contend that the rate or the hours spent were excessive. Rather, in support of her failure of consideration defense, Browning contends that she does not owe the balance due under the contract because of "how the services were performed in relation to [the contract]." Specifically, Browning contends that, in her opinion, Mullinax failed to make proper use of certain unspecified facts, evidence, and testimony in the case.

The evidence produced by Mullinax P.C. made a prima facie case for summary judgment on its claim under the contract, subject to Browning's production of evidence in support of her affirmative

defense of failure of consideration. OCGA §§ 9-11-8 (c); 13-5-9; *Stewart v. Johnson*, 269 Ga. App. 698, 699 (605 SE2d 111) (2004). Because Browning failed to produce any competent evidence that the legal services performed were wholly or partially without value, the trial court did not err by rejecting the failure of consideration defense and by granting summary judgment in favor of Mullinax P.C. *Bollen v. Harkleroad & Hermance, P.C.*, 217 Ga. App. 4, 6 (456 SE2d 73) (1995); *Hipes & Norton, P.C. v. Pye Automobile Sales &c.*, 254 Ga. App. 360, 362 (562 SE2d 729) (2002); *Lipton v. Warner, Mayoue & Bates, P.C.*, 228 Ga. App. 516, 517 (492 SE2d 281) (1997); OCGA § 9-11-56.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED OCTOBER 24, 2007.

*Taylor, Busch, Slipakoff & Duma, Ryan M. Pott*, for appellant. *Alan Mullinax, Robert L. Waller III*, for appellee.