A09A0711. FALANGA et al. v. KIRSCHNER & VENKER, P.C. et al.

(680 SE2d 419)

MIKELL, Judge.

This is the second appearance of this case before this Court. In *Falanga v. Kirschner & Venker, P.C.*[1] ("*Falanga I*"), attorney Andrew Kirschner and his firm, Kirschner & Venker, P.C. ("appellees"), sued attorneys Robert Falanga and Ronald Chalker ("appellants") to recover attorney fees incurred in defending appellants in a disciplinary proceeding before the State Bar of Georgia.[2] As detailed in *Falanga I*, appellees represented appellants in a civil rights lawsuit filed in district court against the State Bar of Georgia, which subsequently was appealed to the Eleventh Circuit Court of Appeals. Appellants filed a counterclaim, alleging fraudulent billing and legal malpractice stemming from appellees' representation of appellants in the disciplinary proceeding and the federal lawsuit. The trial court granted summary judgment in favor of appellees on appellants' counterclaim alleging fraudulent billing and legal malpractice, concluding that the counterclaim was barred by the four-year statute of limitation and the doctrine of judicial estoppel, but denied summary judgment to appellees on their claim for unpaid attorney fees. Appellants appealed the trial court's order. We affirmed the grant of summary judgment on the legal malpractice claim and on the claim for fraudulent billing for legal work incurred in the district court case, finding that appellants should have and could have discovered the alleged billing fraud before November 12, 1996, when a fee award was approved in the federal suit, had they exercised reasonable diligence in reviewing the bills. However, we reversed the grant of summary judgment as to appellants' claim for fraudulent billing in connection with the appeal to the Eleventh Circuit, finding that the trial court erred in extending the bar of the statute of limitation to those claims.[3]

After the remittitur was entered, appellees filed a memorandum of issues to be tried on September 21, 2007. Appellants filed a memorandum on October 2, 2007. On October 9, 2007, appellants filed their third amended answer and counterclaim to include an affirmative defense of the statute of limitation. On that same date, appellants moved for judgment on the pleadings and/or partial summary judgment, alleging that the billing for work done in the district court is barred by the four-year statute of limitation. In that

---

[1] 286 Ga. App. 92 (648 SE2d 690) (2007).

[2] Id. at 92-93, citing *Falanga v. State Bar of Ga.*, 150 F3d 1333 (11th Cir. 1998).

[3] *Falanga I*, supra at 98 (2).

motion, appellants asked the trial court to award summary judgment on all claims except those in the amount of $7,039.91 for the federal appellate work performed by appellees, the only bills for work performed within four years of the date this litigation was initiated, i.e., March 21, 2001. On October 29, 2007, appellees responded to appellants' motion and moved to strike appellants' third amended answer and counterclaim. Following a hearing on the pending motions, the trial court entered a final order and judgment, striking appellants' third amended answer and counterclaim as untimely and entering a final judgment and award in favor of appellees in the amount of $156,906.35.[4] Appellants appeal this order and judgment. For the following reason, we affirm.

1. In their first enumeration of error, appellants contend that the trial court erred by sua sponte entering a final order and judgment in favor of appellees without any notice, hearing, or trial. Appellants also assert that, regardless of its nomenclature, a judgment in favor of appellees was erroneous because genuine issues of material fact remain (1) "on the questions of fraud in the appellate billing and defenses including statute of limitations in the trial court billings"; (2) on the amount of interest; (3) on the defenses of accord and satisfaction, lack of consideration, and waiver; and (4) on its right to request an accounting. Appellees contend that the trial court's order was correct because the "law of the case rule" requires judgment in their favor. In their memorandum of issues to be tried, appellees argued that our opinion in *Falanga I*

> dispositively determined the "terms of the contract for legal services entered into between the parties" and the availability of defense to that legal services contract to the [appellants]. Pursuant to the "law of the case rule[,]" the appellate decision now controls the action with regard to both the factual determinations held applicable by the Court of Appeals and the legal effect of those factual determinations. As a consequence of those appellate determinations, judgment in favor of [appellees] as an "account stated" for the entire amount of fees for work done in the "District Court" is required. Moreover, since this is a "commercial account[,]" interest accruing therein at the rate of 18% per annum, is mandated. This result occurs *even though the trial court previously decided that a factual*

---

[4] The total sum of $156,906.35 includes attorney fees of $44,827.47 incurred for work done in the district court, plus 18 percent interest per annum of $91,256.77, and attorney fees of $7,039.91 incurred for the appellate work, plus 18 percent interest per annum of $13,782.20.

*question* was remaining concerning the terms of the representation since that issue is now precluded by [*Falanga I*] *and* [appellants'] case is *not based* on "quantum meruit." [Moreover, *Falanga I* precluded] any defense that is asserted to the claim that was based upon facts that were known to [appellants] from the time the bills were submitted through the expiration of the statute of [limitation]. Since [*Falanga I*] found that the [appellants] received the bills for the work in the District Court within the limitation period, *without complaint*[,] and participated in a fee application award based upon the hourly rate and the hours spent (which is subject to "judicial estoppel") further complaint is not possible for any work in the District Court.

(Emphasis in original.) As for the billing for appellate work on the federal case, appellees' memorandum points out that our opinion concluded that appellants' defense of fraudulent billing applied only to 30.8 hours of appellate work.[5] Rather than litigate over that amount, however, appellees opted in their memorandum of issues to be tried to eliminate the 30.8 hours from their claim, leaving only $7,039.91 remaining for work done on the appeal. Appellees then pointed out that "[w]ith the elimination of the claim of 30.8 hours following [*Falanga I*,] there are no issues to be tried." We agree with appellees.

Under OCGA § 9-11-60 (h), "any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."

> The "law of the case" rule, though formally abolished, still applies to rulings by one of our appellate courts in a particular case; such rulings are binding in all subsequent proceedings in the same matter. An exception exists where the evidentiary posture of the case changes in the trial court after the appellate court decision. The evidentiary posture of a case changes so as to bar application of the law of the case rule . . . when the original evidence submitted is found to be insufficient, and the deficient evidence is later supplemented.[6]

Our decision in *Falanga I*, as effectively explained by appellees and

---

[5] *Falanga I*, supra at 96 (1) (b), n. 2.

[6] (Punctuation and footnotes omitted.) *IH Riverdale v. McChesney Capital Partners*, 292 Ga. App. 841, 843 (666 SE2d 8) (2008).

restated above, is binding on all subsequent proceedings. Thus, the only issue remaining in the case at the time the remittitur was entered was appellants' claim for fraudulent billing for appellate work on the federal case. In our opinion, we found that appellants' claim concerned 30.8 hours of appellate work.[7] Following remittitur, appellees eliminated the 30.8 hours from their claim, thus vitiating appellants' contention that a genuine issue of material fact remains as to questions of fraud relating to those billed hours. To the extent appellants seek to challenge the trial court's award of $7,039.91 for the remaining appellate work on the ground that it was fraudulent, appellants have failed to support this error with citation to the record or argument; it is insufficient to state merely that "[t]here are genuine fact issues on the questions of fraud in the appellate billing. . . . These alone put into doubt all [appellees'] billings."

Appellants' claims that genuine issues of material fact remain as to the defenses of accord and satisfaction, lack of consideration, and waiver also fail. The burden of proving the affirmative defenses of accord and satisfaction, lack of consideration, and waiver lie with the party relying on them.[8] Appellants have cited to nothing in the record to support any of these alleged defenses, and we will not cull the record in search of them.

Appellants' claims, that a genuine issue of fact remains as to the amount of pre-judgment interest (18 percent per annum) and the applicability of the four-year statute of limitation, are similarly unavailing.[9] Additionally, given our decision in *Falanga I*, appellants' demand for an accounting is moot.

We further reject appellants' contention that the trial court erred by sua sponte entering a final order and judgment in favor of appellees without any notice, hearing, or trial. While appellees did not move for summary judgment or a final judgment on the remaining claims, our recitation above of the arguments raised in their memorandum of issues to be tried shows that they clearly sought a final judgment and it should have come as no surprise to appellants

---

[7] *Falanga I*, supra at 96 (1) (b), n. 2.

[8] See *Browning v. Alan Mullinax & Assoc.*, 288 Ga. App. 43, 43-44 (653 SE2d 786) (2007) (summary judgment in favor of plaintiff proper where defendant failed to produce any competent evidence in support of her affirmative defense of failure of consideration); *Reeder v. Gen. Motors Acceptance Corp.*, 235 Ga. App. 617, 620 (2) (510 SE2d 337) (1998) (waiver is a defense); *Pepsico Truck Rental v. Eastern Foods*, 145 Ga. App. 410, 411 (1) (243 SE2d 662) (1978) (burden of proving defense of failure of consideration is upon the defendant); *McCullough v. Mobiland, Inc.*, 139 Ga. App. 260 (1) (228 SE2d 146) (1976) (burden of proving defense of accord and satisfaction lies with the party asserting it).

[9] See *Patton v. Turnage*, 260 Ga. App. 744, 749 (3) (580 SE2d 604) (2003) (affirming trial court's finding that fees requested by attorney from client were liquidated and subject to pre-judgment interest of 18 percent per annum, OCGA § 7-4-16). See Division 2, infra, for discussion of applicability of statute of limitation defense.

that a final judgment was possible. Further, at the hearing on appellants' motion for partial summary judgment, appellees reiterated that there were no issues to be tried and that judgment in their favor was mandated. Appellants disputed this contention. Under these circumstances, we cannot say that appellants were denied a full and fair opportunity to be heard and to respond to appellees' claim that they were entitled to judgment on all claims. Accordingly, it was within the trial court's inherent powers to sua sponte grant a final judgment in this case in favor of appellees.[10]

2. Appellants contend that the trial court erred in failing to grant their motion for judgment on the pleadings or partial summary judgment on appellees' claim for attorney fees billed before March 20, 1997, on the ground that it was barred by the four-year statute of limitation, OCGA § 9-3-25. In support of this enumeration, appellants argue that they were entitled to amend their answer to raise a statute of limitation defense and that the trial court erred in striking their answer. We disagree.

OCGA § 9-11-15 (a) allows a party to amend his pleading as a matter of course and without leave of the court at any time before the entry of a pre-trial order; however, "[b]ecause summary judgment is an adjudication on the merits, once entered, a party is not free to amend its pleadings" or to utilize a new defense.[11] "No party, plaintiff or defendant, is permitted to stand his case before the court on some of its legs, and if it falls, set it up again on the rest in a subsequent proceeding, and thus evade the bar of the former judgment."[12] As discussed in Division 1, supra, our ruling in *Falanga I* was determinative of the claims in this case. Accordingly, the trial court did not err in striking appellants' third amended answer and counterclaim.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

---

[10] See *Pruette v. Phoebe Putney Mem. Hosp.*, 295 Ga. App. 335, 342 (2) (671 SE2d 844) (2008) (Although a trial court is authorized to grant, sua sponte, a motion for summary judgment, this authority is not unlimited. " 'In addition to ensuring the record supports such a judgment, the trial court must ensure that the party against whom summary judgment is rendered is given full and fair notice and opportunity to respond prior to entry of summary judgment.' "); *Tullis Developments v. 3M Constr.*, 282 Ga. App. 335, 338 (2) (638 SE2d 787) (2006) ("The crucial point is to ensure that the party against whom summary judgment is sought has had a *full and final opportunity* to meet and attempt to controvert the assertions against him.") (punctuation and footnote omitted).

[11] (Footnote omitted.) *McDaniel v. City of Griffin*, 281 Ga. App. 350, 352 (1) (636 SE2d 62) (2006).

[12] (Citation and punctuation omitted.) *Summer-Minter & Assocs. v. Giordano*, 231 Ga. 601, 606 (203 SE2d 173) (1973).

DECIDED MAY 21, 2009 —
RECONSIDERATION DENIED JULY 2, 2009.

*Falanga & Chalker, Robert A. Falanga, Jesse E. Barrow III*, for appellants.

*Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.*, for appellees.