**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed. https://www.gaappeals.us/rules**

**March 16, 2026**

# In the Court of Appeals of Georgia

A25A1604. ELLERBEE et al. v. DOTSON.

McFADDEN, Presiding Judge.

This appeal concerns the ownership of real property currently titled in the name of Matthew Ellerbee. Tommy Dotson, who renovated the house on the property and whose daughter lives there, argues that Ellerbee's late aunt, Jacquelyn Ellerbee,[1] agreed before her death to sell the property to him. Dotson brought a direct action against Matthew Ellerbee, individually and as the executor of Jacquelyn Ellerbee's estate, and against Ellerbee Enterprises, LLC (collectively, "Ellerbee"). He also brought a de novo appeal of an adverse magistrate court judgment in a dispossessory

---

[1] At places in the record, Jacquelyn Ellerbee's first name is spelled "Jacqueline." Because she signed her will with the spelling "Jacquelyn," we use that spelling in our opinion.

proceeding brought against him by Ellerbee.[2] The direct action and appeal were consolidated in superior court, which entered a ruling in Dotson's favor on cross-motions for summary judgment.

Ellerbee appeals from the superior court's grant of summary judgment to Dotson, and he has pointed to the existence of genuine issues of material fact regarding whether Jacquelyn Ellerbee agreed to sell the property to Dotson. Those fact questions preclude summary judgment on Dotson's various claims, including the claims Dotson brought in the appeal from the magistrate court judgment. So we reverse the grant of summary judgment to Dotson and the award of relief premised on that grant. We do not reach the superior court's denial of summary judgment to Ellerbee because Ellerbee has not challenged that ruling on appeal.

1. *Facts and procedural history*

---

[2] OCGA § 15-10-41(b)(1) requires de novo appeals from a magistrate court judgment to state or superior court. See also OCGA § 5-3-5(b) (providing that a reviewing court shall conduct a de novo proceeding under the Superior and State Court Appellate Practice Act if such a proceeding is specified by law). "Upon a de novo appeal, the state or superior court is to try the issue anew and pass original judgments on the questions involved as if there had been no previous trial." *Long v. Greenwood Homes*, 285 Ga. 560, 562 (679 SE2d 712) (2009) (citations and punctuation omitted).

We review a grant of a motion for summary judgment de novo, construing the evidence "most favorably towards the nonmoving party, who is given the benefit of all reasonable doubts and possible inferences." *Welborn v. Smith*, 377 Ga. App. 298, 298(1)(a) (922 SE2d 430) (2025) (citation and punctuation omitted).

So viewed, the evidence shows that Ellerbee Enterprises obtained title to the property at issue in 2003. Jacquelyn Ellerbee became the sole member of Ellerbee Enterprises after her husband's death. Ellerbee Enterprieses was administratively dissolved in 2015.

In August 2017, Jacquelyn Ellerbee met with Dotson to discuss Dotson buying the property. At that meeting, Jacquelyn Ellerbee told Dotson that she could not provide a warranty deed for the property because there was a lien on it associated with her late husband. She expressed concern that if she gave him a warranty deed she might get in trouble, or even be arrested, for "selling something she didn't own." Instead, she said "let's call it rent" and indicated that "she felt good [that] she could get away with this if it was rent." Jacquelyn Ellerbee told Dotson that she would give him the warranty deed at a future time.

Dotson agreed to pay Jacquelyn Ellerbee a $55,000 "purchase price" that was amortized to $625 per month. He agreed to pay Jacqueline Ellerbee $1,000 a month, which covered the $625 as well as taxes and utilities. He gave Jacquelyn Ellerbee $5,000 in cash at their meeting.

Jacquelyn Ellerbee and Dotson wrote the terms of this agreement on a paper towel, which they signed. The record contains a copy of the paper towel. Although mostly illegible, that copy includes some discernable phrases, including "$55,000 purchase," "$5,000 cash," "$665/mo," and "$1,000/mo." It also refers to Jacquelyn Ellerbee's "deceased husband's judgment that requires this transaction be kept quiet because of possible legal ramifications."

Dotson took possession of the property and renovated the house on it, into which his adult daughter moved. He made some monthly payments to Jacquelyn Ellerbee of either $625 or $1,000, but he sometimes missed payments. Jacquelyn Ellerbee continued to pay the property taxes and some of the utilities on the property.

Dotson referred to the monthly payments as "rent." He testified in his deposition that he did not remember if those payments were characterized as "rent" on the paper towel.

Jacquelyn Ellerbee passed away in 2020, without having given Dotson a warranty deed on the property. Her will named her late husband's nephew, Matthew Ellerbee, as both her executor and her heir. At Jacquelyn Ellerbee's funeral, Dotson introduced himself to Matthew Ellerbee as "the renter."

On January 14, 2022, Matthew Ellerbee, who had become the sole member of Ellerbee Enterprises, executed a quitclaim deed conveying title to the property from Ellerbee Enterprises to himself. He then filed a dispossessory proceeding in magistrate court and obtained a judgment and writ of possession against Dotson.

Dotson appealed the magistrate court judgment to state court. Dotson then filed this action in superior court, asking the trial court to recognize a trust in Dotson's favor with regard to the property; to decree that the property be titled in his name and that the January 2022 quitclaim deed be canceled of record; and to require Matthew Ellerbee to execute any instruments necessary to vest title in the property to Dotson. Dotson's appeal from the magistrate court judgment and his direct action against Ellerbee were consolidated in superior court.

The parties filed cross-motions for summary judgment. In the order on appeal, the trial court found that, as a matter of law, Dotson and Jacquelyn Ellerbee had

entered into an enforceable verbal contract for Dotson to purchase the property, which was memorialized by the signed writing on the paper towel; that this gave rise to a trust in Dotson's favor; that Dotson performed his obligations under the purchase agreement and was entitled to specific performance of that agreement, a deed conveying title in the property to him, and cancellation of the January 2022 quitclaim deed. The trial court denied Ellerbee's motion for summary judgment; granted Dotson's motion for summary judgment; ordered Ellerbee Enterprises and Matthew Ellerbee to execute a warranty deed conveying the property to Dotson; and required that Dotson be reimbursed the funds he had paid into the court registry in connection with the magistrate court judgment.

2. *Analysis*

Ellerbee asserts several enumerations of error that all challenge the trial court's grant of summary judgment to Dotson. Most of those claims directly concern whether genuine issues of material fact exist that preclude summary judgment to Dotson. We agree with Ellerbee that, construing the evidence (including Dotson's own testimony) in the light most favorable to Ellerbee, such genuine issues of material fact do exist, so we reverse the grant of summary judgment and the award of relief stemming from

that ruling. We do not address the denial of summary judgment to Ellerbee because Ellerbee does not challenge that ruling.

(a) *Genuine issues of material fact preclude summary judgment to Dotson*

A plaintiff seeking summary judgment must point to evidence that establishes a prima facie case and the absence or non-existence of any defense raised by the defendant. *Cornerstone Ministries & Christian School v. Pitney Bowes Global Fin. Servs.*, 359 Ga. App. 600, 600-01(1) (859 SE2d 562) (2021); *Hipes & Norton, P.C. v. Pye Auto. Sales of Chattanooga*, 254 Ga. App. 360 (562 SE2d 729) (2002); *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. 259, 259 (411 SE2d 87) (1991). If the plaintiff-movant cannot make this prima facie showing, the defendant-nonmovant is not required to point to any evidence of a genuine issue of material fact. *Northside Bldg. Supply Co. v. Foures*, 201 Ga. App. at 259.

Dotson's claims against Ellerbee rest on his contention that in August 2017 Jacquelyn Ellerbee agreed to sell him the property and that he partially performed under that agreement by making agreed-to monthly payments and renovating the property. But the evidence does not establish the existence of such an agreement as a matter of law.

Simply put, viewed in the light most favorable to Ellerbee, the terms of the August 2017 agreement between Jacquelyn Ellerbee and Dotson are uncertain. The copy of the written memorialization of that agreement is partially illegible. At the time, Jacquelyn Ellerbee believed she could not legally convey title to Dotson and, indeed, she never gave Dotson a deed to the property. Dotson referred to himself as a renter. And Jacquelyn Ellerbee behaved as a landlord, continuing to pay property taxes and some utilities on the property after Dotson's daughter moved into the house.

Under these circumstances we cannot say that as a matter of law, Jacquelyn Ellerbee agreed to sell the property to Dotson. A factfinder reasonably could infer from the evidence that Jacquelyn Ellerbee instead agreed to lease the property to Dotson.

All of Dotson's claims in this case rest on the assumption that Jacquelyn Ellerbee agreed to sell rather than lease the property to him. Given the existence of a question of fact on that issue, Dotson is not entitled to judgment on any of those claims at this stage of the proceedings, so we reverse those parts of the superior court's order granting summary judgment to Dotson and awarding him relief.

(b) *Additional arguments*

Ellerbee makes two additional arguments in opposition to the grant of summary judgment to Dotson, which Ellerbee characterizes as enumerations of error. But see *Felix v. State*, 271 Ga. 534, 539-40 (523 SE2d 1) (1999) (holding that "[t]he individual facets of appellant's attack on the legal ruling with which they took issue are arguments in support of a legal position and are not, in and of themselves, errors of law" that must be enumerated on appeal).

We agree with Ellerbee that the superior court erred in holding, as a matter of law, that no landlord-tenant relationship existed between Matthew Ellerbee and Dotson because Ellerbee Enterprises was prohibited from conveying the property to Matthew Ellerbee in light of its earlier administrative dissolution. An administratively dissolved limited liability company may distribute its assets as part of the winding-up process. OCGA §§ 14-11-603(b)(3), 14-11-605(a). Although the superior court made a conclusory finding that Matthew Ellerbee did not take the proper steps to engage in this winding-up, the parties have not addressed the legal requirements for winding-up in their appellate briefs and we are not persuaded that the evidence of record, viewed most favorably to Ellerbee, compelled the superior court's finding.

Finally, given the existence of questions of fact regarding the terms and nature of the agreement between Jacquelyn Ellerbee and Dotson, which require us to reverse the grant of summary judgment to Dotson, we do not reach Ellerbee's argument regarding the proper application of the statute of frauds to that agreement.

*Judgment reversed in part. Hodges and Pipkin, JJ., concur.*